■ PARK HOUSE PARTNERS, LTD., Appellant, v AUSTRALIAN BROADCASTING CORP., Respondent.—Order, Supreme Court, New York County (Walter Schackman, J.), entered on October 22, 1987, unanimously affirmed for the reasons stated by

Schackman, J. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur—Murphy, P. J., Carro, Kassal and Smith, JJ.

Asch, J., concurs in a separate memorandum as follows: I concur on constraint of a line of cases decided by the Court of Appeals: *Matter of Sommer v New York City Conciliation & Appeals Bd.* (116 AD2d 457 *[Sommer III]*), *Matter of Sommer v New York City Conciliation & Appeals Bd.* (99 AD2d 991 [1st Dept 1984] *[Sommer II]*), *Matter of Cale Dev. Co. v Conciliation & Appeals Bd.* (94 AD2d 229 [1st Dept 1983], *affd* 61 NY2d 976), *Matter of Sommer v New York City Conciliation & Appeals Bd.* (93 AD2d 481 [1st Dept 1983], *affd* 61 NY2d 973 *[Sommer I]*); and followed by this court in *Matter of Schwartz Landes Assocs. v New York City Conciliation & Appeals Bd.* (117 AD2d 74). The public policy and the logic of the decided cases, however, are indeed a "puzzlement", to echo the King of Siam.

Here, the landlord leased an apartment to defendant, Australian Broadcasting Corp., a corporation. The "use" clause of the last renewal lease provided as follows: "You shall use the Apartment for living purposes only. Subject to the laws which prohibit discrimination, only You and members of your immediate family, as defined by applicable law, and servants, if any, may live in the Apartment."

It is apparent that the lease does not provide for any designated individual occupant or even a class of corporate occupants, although, in fact, the apartment was always occupied by the corporation's general manager for North America.

In *Schwartz Landes Assocs. (supra),* a charitable corporation rented rent-stabilized apartments to house recently discharged psychiatric patients pursuant to leases stipulating that the apartments would be occupied by persons designated by the corporation. This court held that a class of unnamed individuals, as opposed to parties specifically named in the lease, may be authorized occupants under a rent-stabilized corporate tenancy. This court asserted that two inquires are to be made. First, it must be ascertained what individual or individuals are contractually designated by the corporate tenant and landlord to occupy the premises and if they, in fact, are the occupants and, secondly, assuming they are the intended beneficiaries, if they are using the premises as a primary residence. *(Matter of Schwartz Landes Assocs. v New York City Conciliation & Appeals Bd.,* 117 AD2d 74, 76, *supra.)* Since the lease here is silent as to intended beneficiaries (i.e., occu-

pants), this issue must be resolved by extrinsic or parol evidence.

Summarizing, the cases hold that a corporate tenant of a rent-stabilized apartment is entitled to the protection and benefits of rent stabilization. Further, where the specific person who is to occupy the premises on behalf of the corporation is not clearly delineated in the lease, a hearing or trial as to whether that specific person was an intended beneficiary should be held.

It is indeed puzzling that while the cases permit a factual inquiry as to who the landlord and corporate tenant intended to be the occupant and hence protected in perpetuity under the Rent Stabilization Law, the law has not been as ready to protect the "widow and orphans" of an individual, *not a corporation,* who signs a lease. This is indeed ironic since, undoubtedly, the spouse and head of family who signs a lease, and the landlord as well, contemplate that at least the immediate family is covered. Nevertheless, in *Sullivan v Brevard Assocs.* (66 NY2d 489), the Court of Appeals held that a landlord need offer a renewal lease only to a tenant of record. "Neither the rent-control definition of 'tenant' nor its provisions limiting eviction of occupants upon the death of the tenant * * * is found in the Rent Stabilization Law, and we conclude that in both instances these omissions from the law were deliberate." *(Supra,* at 493.) The only way, apparently, for a family member, unlike a corporation, to be protected is through legislation.

It seems difficult to accept a rule of law which throws its protective mantle over a corporate pied-à-terre but does not afford protection for flesh and blood men, women and children who are certainly the intended beneficiaries of the Rent Stabilization Law.