*824 OPINION OF THE COURT
Louise Gruner Gans, J.
In this summary holdover proceeding based on nonprimary residence, respondent moves to dismiss the proceeding based on the facial insufficiency of the predicate Golub notice, and on the insufficiency of the petition. The motion is granted.
The facts in this proceeding are not routine. The entity named as respondent tenant pursuant to a lease agreement with petitioner’s predecessor in interest is not an individual, but a corporation, John-Platt Enterprises, Inc., formerly known as John Platt Realty Corporation. Daniel Friendenberg signed the lease on behalf of that corporate entity. In this proceeding, Friendenberg has been named as an undertenant. By its terms, the lease expired on May 31, 1994. It is not disputed that the premises are rent stabilized.
Prior to the expiration of the lease, petitioner served the several respondents herein with a so-called Golub notice that the lease would not be renewed. Pursuant to the requirement of Rent Stabilization Code (9 NYCRR) § 2524.2 (]b) that such a notice must state the factual allegations on which the nonrenewal is based, the notice stated, in relevant part:
"the facts necessary to establish the existence of tenant’s non-primary residence include, but are not limited to, the following and such other facts as may be ascertained during the course of discovery proceedings:
"1. The tenant maintains the tenant’s primary residence at an abode other than the Premises; and/or
"2. The tenant occupies the premises known as and located at 79 Byram Shore Road, Greenwich, Connecticut 06830 as his primary residence; and/or
"3. The tenant maintains a telephone listing, account number (203) 531-9468 at 79 Byram Shore Road, Greenwich, Connecticut 06830 as his address; and/or "4. Building personnel have not seen the tenant at the subject premises on a regular basis.”
The lease provisions governing occupancy of the premises are unclear. Paragraph 2 of the lease provides that the premises are "to be occupied only by Tenant and the members of the immediate family of the tenant, as a strictly private dwelling apartment and for no other purpose.”
At the same time, the lease provides that it may be assigned or sublet without the landlord’s prior consent "to one or more *825 controlled subsidiary or affiliated companies, or to a corporation or entity under common control with tenant or to any successor corporation (by consolidation or merger or sale of substantially all of its assets) or to any individual or individuals who are officers of any such companies or to a parent company (existing or future)”, and that the apartment may be occupied by "any such corporation or persons” (addendum to lease para 41).
Decisions by the Appellate Division, First Department, have made clear that where a corporation is the tenant of a rent-stabilized apartment, nonprimary residence, as a basis for nonrenewal of a lease, is to be determined either with reference to the "individual or individuals [who] are contractually designated by the corporate tenant and landlord to occupy the premises” (Matter of Schwartz Landes Assocs. v New York City Conciliation & Appeals Bd., 117 AD2d 74, 76-77) or, with reference to the current occupant of the apartment as a member of a class of persons which "the lease identified and contemplated * * * to occupy the apartment on a rent stabilized basis.” (San-Dar Assocs. v Permanent Mission of Spain to United Nations, 203 AD2d 196, 197 [1st Dept 1994].)
A two-step process is contemplated to determine first, who is the currently designated occupant of the premises on behalf of the corporate tenant, and assuming the apartment is occupied by such person, whether or not he or she occupies it as his or her primary residence. (Park House Partners v Australian Broadcasting Corp., 141 AD2d 310 [1st Dept 1988].)
The focus is on, "the nature of the residency maintained by those authorized to occupy the accommodation during the corporate tenancy” and not on whether the corporate entity maintains more than one address. (Matter of Schwartz Landes Assocs. v New York City Conciliation & Appeals Bd., supra, at 80 [rejecting previous First Department analysis in Matter of Walter & Samuels v New York City Conciliation & Appeals Bd., 81 AD2d 212].) The rule that a corporation can only act through its officers does not affect this distinction.
Therefore, at minimum, to be effective the Golub notice in a case such as this must name the current occupant of the premises as such, state his or her relationship to the corporate lease, and state facts which support the claim that said occupant does not occupy the premises as his or her primary residence.
Here, whatever may have been petitioner’s subjective inten *826 tian, all the facts alleged in the notice specifically refer to the "tenant” designated by petitioner as John-Platt Enterprises, Inc. The "tenant” who allegedly has not been seen by building personnel is not identified by name. Daniel Friedenberg is described not as the "tenant,” but as the "undertenant”; allegations concerning the "tenant” do not logically refer to him. Further, subtenants are specifically excluded from the nonprimary residence provisions of the rent stabilization laws. (Rent Stabilization Law [Administrative Code of City of NY] § 26-504 [a] [1]; Rent Stabilization Code [9 NYCRR] § 2524.4 [c].)
The Appellate Term, First Department, in cases involving individual residential tenants, has interpreted the Rent Stabilization Code § 2524.2 (b) requirement for factual allegations in the Golub notice as minimal. (Rose Assocs. v Lewandowski, NYLJ, Nov. 1, 1989, at 21, col 1; Metropolitan Assocs. v Cohen, NYLJ, Oct. 31, 1991, at 23, col 2; Kev Realty Co. v Goldfarb, NYLJ, Nov. 18, 1993, at 29, col 6.) Nevertheless, this court finds that a notice which fails even to identify the currently designated occupant of premises leased to the corporation as such, or to state why that person, as opposed to the corporation, does not occupy the premises as his or her primary residence, is legally insufficient. The notice does not state facts necessary to establish a nonprimary residence basis for nonrenewal of a lease and eviction. As Berkeley Assocs. Co. v Camlakides (173 AD2d 193 [1st Dept 1991]) recognized, the applicable provisions of the Rent Stabilization Code must be enforced as written. (Supra, at 195.)
To the extent the petition relies on the Golub notice for its factual allegations with respect to nonprimary residence, it likewise failed sufficiently to state the facts on which the proceeding is based as required by RPAPL 741.
For all these reasons, respondent’s motion to dismiss this proceeding is granted.